[Cite as *State v. Curry*, 2013-Ohio-2256.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2012-A-0006** |
| DEANTHONY B. CURRY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2011 CR 271.

Judgment: Reversed and remanded.

*Thomas L. Sartini*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Timothy Young*, Ohio Public Defender, and *Francisco E. Luttecke*, Assistant Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Deanthony B. Curry, appeals the sentencing entry of the Ashtabula County Court of Common Pleas. For the reasons that follow, we reverse and remand the matter for proceedings consistent with this opinion.

{¶2} Appellant pled guilty to attempted complicity to aggravated robbery, a felony of the second degree. At the sentencing hearing, appellant was advised that he

was sentenced to four years in prison with a three-year term of post-release control. Appellant's sentence was subsequently journalized. In the sentencing entry, the trial court also ordered appellant to "pay any and all prosecution costs, court appointed counsel costs, and any fees permitted pursuant to O.R.C. Section 2929.18(A)(4)."

{¶3} Appellant filed a notice of appeal and alleges the following:

{¶4} "The trial court erred in failing to notify Mr. Curry in open court that it was imposing court costs and fees, or the consequences of failing to pay said costs and fees."

{¶5} In the written judgment entry of sentence, the trial court ordered appellant "to pay any and all prosecution costs, court appointed counsel costs, and any fees permitted pursuant to" R.C. 2929.18(A)(4). At appellant's sentencing hearing, the trial court did not notify appellant that he was subject to pay any costs or fees. Appellant argues that the order to pay court-appointed counsel fees and any fees permitted pursuant to R.C. 2929.18(A)(4) is improper because the trial court failed to state that it was imposing these penalties at the sentencing hearing.

{¶6} Crim.R. 43(A)(1) provides: "[t]he defendant must be physically present at every stage of the criminal proceeding and trial, including * * * the imposition of sentence[.]"

{¶7} [T]his court has held that a reversible error occurs when a trial court's final sentencing judgment orders an additional sanction that was not referenced during the sentencing hearing. * * * As part of our analysis in [*State v.*] *Clark*, we expressly applied the foregoing holding to an order concerning the payment of additional fees under

2

R.C. 2929.18(A)(4); i.e., if such an order was not discussed during the oral sentencing hearing, it cannot be imposed in the final judgment. *State v. Tucholski*, 11th Dist. No. 2011-Ohio-0069, 2012-Ohio-5591, ¶31, citing *State v. Clark*, 11th Dist. No. 2006-A-0004, 2007-Ohio-1780, ¶35, *reversed on other grounds*, 119 Ohio St.3d 239.

{¶8} The state has conceded that the trial court did not make a reference to fees under R.C. 2929.18(A)(4) during appellant's sentencing hearing, which is confirmed by the sentencing transcript. As the trial court failed to employ the proper procedure for requiring appellant to pay the fees under R.C. 2929.18(A)(4), the case is remanded for a new sentencing hearing. At this hearing, the trial court shall properly inform appellant of the imposition of the fees under R.C. 2929.18(A)(4) and afford appellant an opportunity to raise any permissible objection. *Tucholski*, *supra*, citing *State v. Lewis*, 11th Dist. No. 2010-P-0070, 2011-Ohio-3748.

{¶9} Appellant's assigned error is with merit. Based on the opinion of this court, the judgment of the Ashtabula County Court of Common Pleas is hereby reversed, and this matter is remanded solely in regard to the imposition of the additional fees/costs under R.C. 2929.18(A)(4).


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3